UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: 3:26CV-78-CRS |
| | ) | |
| Plaintiff, | ) | JUDGE Charles R. Simpson III |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| PARKWAY HOSPITALITY LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq*. |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of the Kentucky Civil Rights |
| | ) | Act, KRS 344, *et seq.* |
| | ) | |
| | ) | **3RD CAUSE OF ACTION:** For Violations |
| | ) | of the Kentucky Consumer Protection Act. |

Plaintiff Derek Mortland complains of Defendant Parkway Hospitality LLC and alleges as follows:

**INTRODUCTION:**

1.     This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, the Kentucky Civil Rights Act, KRS 344, *et seq.*, and the Kentucky Consumer Protection Act.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

2.      Plaintiff Derek Mortland is a person with physical disabilities who, on or about August 18, 2025, through August 19, 2025, was an invitee, guest, patron, or customer at Defendant's property, which houses the Wingate Louisville East hotel, located at 12301 Alliant Court, Louisville, KY 40299. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Kentucky legal requirements, and Mr. Mortland suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Kentucky law, whose goals are closely tied with the ADA, including but not limited to violations of the Kentucky Civil Rights Act, KRS 344, *et seq.*

4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Louisville, County of Jefferson, State of Kentucky and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.      Plaintiff Derek Mortland is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used

interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Mortland is a "person with physical disabilities," as defined by all applicable Kentucky and United States laws. Mr. Mortland requires the use of a wheelchair to travel about in public. Consequently, Mr. Mortland is a member of that portion of the public whose rights are protected by the ADA and the Kentucky Civil Rights Act.

6.   Defendant Parkway Hospitality LLC, a Kentucky limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the Wingate Louisville East hotel, a public accommodation, located at/near 12301 Alliant Court, Louisville, KY 40299, and subject to the requirements of Kentucky state law requiring full and equal access to public facilities pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Wingate Louisville East hotel as a public facility at/near 12301 Alliant Court, Louisville, KY 40299. The business, the Wingate Louisville East hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 12301 Alliant Court, Louisville, KY 40299. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

Regulations section 36.201(b), which states in pertinent part:

§ 36.201    General

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, the Wingate Louisville East hotel, located at 12301 Alliant Court,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

Louisville, KY 40299. Defendant's Wingate Louisville East hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Wingate Louisville East hotel to handicapped access requirements.

11. Plaintiff Derek Mortland is a person with a disability. Mr. Mortland is a "physically disabled person," as defined by all applicable Kentucky and United States laws. Mr. Mortland is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the Wingate Louisville East hotel as being handicapped accessible and handicapped usable.

13. For example, on its website, the Wingate Louisville East hotel advertised that the the hotel had the following accessible amenities:

   a.  Accessible Business Center;

   b.  Accessible Car Self-Park;

   c.  Accessible Fitness Center;

   d.  Accessible Front Desk;

   e.  Accessible Guest Room Doorways with 32" Clear Width;

   f.  Accessible Public Entrance;

   g.  Accessible Route to Accessible Guestrooms;

   h.  Accessible Route to Accessible Parking;

   i.  Accessible Route to Fitness Center;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

j.   Accessible Route to Front Desk;

k.   Accessible Route to Meeting/Event Space;

l.   Accessible Van Self-Park;

m.   Accessible van parking;

n.   Meeting room/ballroom is wheelchair accessible;

o.   Route From Accessible Public Entrance to Business Center is Accessible;

p.   Route From Accessible Public Entrance to Venues Serving Food and Drink;

q.   Service Animals Welcome;

r.   Staff Trained in Service to Guests with Disabilities;

s.   Venues Serving Food and Drink Wheelchair Accessible;

t.   Wheelchair Accessible Elevators.

14. Around August 16, 2025, Mr. Mortland reserved a one-night stay for the purpose of obtaining lodging, in one of the hotel's mobility accessible guestrooms, later paying $149.54.

15.  Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Mortland personally encountered architectural barriers which discriminated against him and denied him the full and equal access to the property.

16. At said time and place, Mr. Mortland, who is a person with disabilities, encountered the following inaccessible elements of the subject Wingate Louisville East hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by Mr. Mortland:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

**Parking**

a.  The access aisle was not located on an accessible route to the building entrance, violating 2010 ADAS Section 208.3.1 and 1991 ADAS Section 4.6.3. This made it difficult for Mr. Mortland to navigate from the parking area to the building entrance, increasing the risk of unsafe travel.

b.  The running slope of the right access aisle exceeded 2%, violating 2010 ADAS Section 502.4 and 1991 ADAS Section 4.6.3. The excessive slope created a challenge for Mr. Mortland to safely maneuver his wheelchair, potentially causing strain or instability.

c.  The running slope of the left access aisle exceeded 2%, violating 2010 ADAS Section 502.4 and 1991 ADAS Section 4.6.3. Similar to the right access aisle, this slope posed a risk of instability and difficulty in wheelchair navigation.

d.  The accessible route contained unstable, cracked, and loose concrete, violating 2010 ADAS Section 302.1 and 1991 ADAS Section 4.5.1. This uneven surface increased the risk of tipping or injury for Mr. Mortland while traveling along the route.

e.  The accessible route between the parking and building entrance had slopes greater than 5% and lacked ramp features, violating 2010 ADAS Section 403.3 and 1991 ADAS Section 4.3.7. The steep slope without proper ramp construction made it unsafe and physically demanding for Mr. Mortland to traverse.

f.  The walkway contained abrupt vertical edges over 1/4 inch, violating 2010 ADAS Sections 303.2 and 303.3, as well as 1991 ADAS Section 4.5.2. These abrupt changes in level created a tripping hazard and made wheelchair navigation difficult.

g. The passenger loading zone lacked the required access aisle, violating 2010 ADAS Section 503.3 and 1991 ADAS Section 4.6.6. This omission hindered Mr. Mortland's ability to safely transfer from a vehicle to the accessible route.

**Building Entrances**

h. The side building entrance was not on an accessible route, violating 2010 ADAS Section 206.2.1 and 1991 ADAS Section 4.1.2(1). This limited Mr. Mortland's options for entering the building, forcing him to use potentially less convenient or unsafe routes.

**EV Parking**

i. There were no accessible EV parking spaces, violating 2010 ADAS Section 208.2 and 1991 ADAS Section 4.1.2(5)(a). Had Mr. Mortland had an electric vehicle, he would have been prevented from using EV parking facilities, limiting his ability to charge an electric vehicle.

j. EV chargers lacked adequate clear floor space for wheelchair access, violating 2010 ADAS Section 305.3 and 1991 ADAS Section 4.2.4.1. Had Mr. Mortland had an electric vehicle, it would have been impossible for Mr. Mortland to independently use the EV chargers.

**Pool**

k. The pool lift was inoperable due to missing power and broken wires, violating 2010 ADAS Section 242.2. This prevented Mr. Mortland from accessing the pool, excluding him from recreational activities.

l. There were no accessible work surfaces or tables near the pool, violating 2010 ADAS Section 902.2. This limited Mr. Mortland's ability to use the pool area for activities requiring a surface, such as dining or resting.

m.  The first aid station was out of reach range, violating 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5. This posed a safety risk for Mr. Mortland, as he could not access emergency supplies independently.

n.  Life-saving equipment was out of reach range, violating 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5. This created a significant safety concern, as Mr. Mortland could not access critical equipment in an emergency.

o.  The pool door required more than 5 pounds of force to open, violating 2010 ADAS Section 404.2.9 and 1991 ADAS Section 4.13.11(2). This made it difficult or impossible for Mr. Mortland to independently access the pool area.

**Room 222**

p.  The room door required more than 5 pounds of force to open, violating 2010 ADAS Section 404.2.9 and 1991 ADAS Section 4.13.11(2). This restricted Mr. Mortland's ability to independently enter or exit the room.

q.  The drape wand required tight grasping, pinching, or twisting, violating 2010 ADAS Section 309.4 and 1991 ADAS Section 4.27.4. This made it inaccessible for Mr. Mortland to adjust the drapes.

r.  The required clear space on both sides of the bed was not provided, violating 2010 ADAS Section 806.2.3 and 1991 ADAS Section 9.2.2(1). This limited Mr. Mortland's ability to transfer to and from the bed safely.

s.  The shelf and hanger bar were out of reach range, violating 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5. This prevented Mr. Mortland from independently accessing storage for his belongings.

t.  The iron was out of reach range, violating 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5. This made it impossible for Mr. Mortland to use the iron without assistance.

u.  The coat hooks were out of reach range, violating 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5. This limited Mr. Mortland's ability to hang or retrieve items independently.

v.  The directional and informational sign was noncompliant, violating 2010 ADAS Section 216.3. This made it difficult for Mr. Mortland to navigate the facility effectively.

w.  The toilet flush handle was on the wrong side, violating 1991 ADAS Section 4.16.5. This made it challenging for Mr. Mortland to use the toilet independently.

x.  The flush control was located on the closed side of the toilet, violating 2010 ADAS Section 604.6. This further restricted Mr. Mortland's ability to use the toilet.

y.  The water and drain pipes under the lavatory were not insulated, violating 2010 ADAS Section 606.5 and 1991 ADAS Section 4.19.4. This posed a risk of burns or injury to Mr. Mortland.

z.  Compliant knee space was not provided under the lavatory, violating 1991 ADAS Section 4.19.2. This made it difficult for Mr. Mortland to use the sink comfortably.

aa. The knee clearance under the lavatory was insufficient, violating 2010 ADAS Section 306.3.1. This further restricted Mr. Mortland's ability to use the sink.

bb. The clearance in front of the tub did not extend the full length, violating 2010 ADAS Section 607.2 and 1991 ADAS Section 4.20.2. This limited Mr. Mortland's ability to transfer safely to and from the tub.

cc.  The tub controls were not located on the end wall, violating 2010 ADAS Section 607.5 and 1991 ADAS Section 4.20.5. This made it difficult for Mr. Mortland to operate the controls while in the tub.

dd.  The tub lacked a hand-held spray unit with a non-positive shut-off, violating 2010 ADAS Section 607.6. This restricted Mr. Mortland's ability to bathe independently.

ee.  The tub did not have an in-tub or permanent seat, violating 2010 ADAS Section 607.3 and 1991 ADAS Section 4.20.3. This made it unsafe for Mr. Mortland to use the tub.

ff.  The soap and shampoo dispensers were inaccessible, violating 2010 ADAS Section 305.3 and 1991 ADAS Section 4.2.4.1. This prevented Mr. Mortland from independently accessing bathing supplies.

gg.  The towel rack and shelf were out of reach range, violating 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5. This limited Mr. Mortland's ability to access towels and other items.

hh.  The counter surface was higher than 36 inches, violating 2010 ADAS Section 904.4.1 and 1991 ADAS Section 7.2(1). This made it difficult for Mr. Mortland to use the counter.

**Other Mobility Accessible Guest Rooms**

ii.  Upon information and belief, there were not enough accessible rooms with mobility features, violating 2010 ADAS Section 224.2. This reduced the availability of suitable accommodations for Mr. Mortland.

jj.  Upon information and belief, accessible rooms were not dispersed among various classes, violating 2010 ADAS Section 224.5 and 1991 ADAS Section 9.1.4(1). This limited Mr. Mortland's options for room types and amenities.

**Men's Restroom**

kk. The restroom door required more than 5 pounds of force to open, violating 2010 ADAS Section 404.2.9 and 1991 ADAS Section 4.13.11(2). This restricted Mr. Mortland's ability to access the restroom independently.

ll. The compartment door was not self-closing, violating 2010 ADAS Section 604.8.1.2. This compromised privacy and usability for Mr. Mortland.

mm.    The compartment door lacked a loop handle on the outside, violating 2010 ADAS Section 604.8.1.2 and 1991 ADAS Section 4.17.5. This made it difficult for Mr. Mortland to close the door from the outside.

nn. The compartment door lacked a loop handle on the inside, violating 2010 ADAS Section 604.8.1.2 and 1991 ADAS Section 4.17.5. This made it difficult for Mr. Mortland to close the door from the inside.

oo. The coat hook was mounted too high, violating 2010 ADAS Section 604.8.3. This prevented Mr. Mortland from using the hook.

pp. The toilet seat cover dispenser was mounted too high, violating 2010 ADAS Section 205.1. This made it inaccessible for Mr. Mortland.

qq. The toilet paper dispenser was not installed within the compliant range, violating 2010 ADAS Section 604.7. This made it difficult for Mr. Mortland to access toilet paper.

rr. The water and drain pipes under the lavatory were not insulated, violating 2010 ADAS Section 606.5 and 1991 ADAS Section 4.19.4. This posed a risk of burns or injury to Mr. Mortland.

ss. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

disabilities.

17. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, either then, now or in the future.

18. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

19. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Mortland was denied his civil rights to full and equal access to public facilities. Mr. Mortland suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

20. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*

21. Mr. Mortland, as described herein below, seeks injunctive relief to require the Wingate Louisville East hotel to be made accessible to meet the requirements of both Kentucky law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant

operates and/or leases the Wingate Louisville East hotel as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Kentucky and federal law.

22. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

23. Because of Defendant's violations, Mr. Mortland and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the Wingate Louisville East hotel accessible to persons with disabilities.

24. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the Wingate Louisville East hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Kentucky.

25.     On information and belief, the subject public facility of the Wingate Louisville East hotel denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

26. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Wingate Louisville East hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

27.     Plaintiff will return to the subject Wingate Louisville East hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

27.     Should the Wingate Louisville East hotel become accessible, Mr. Mortland will visit it again because he frequently travels through and stays in the Louisville, KY area while traveling to various racing events at the National Corvette Museum Motorsports Park in Bowling

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

Green, KY, as well as visiting other local attractions, during Spring, Summer, and Fall 2026.

28.     Furthermore, plaintiff intends to return to the Wingate Louisville East hotel on an annual basis beginning in 2026, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I.     **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101,** *et seq.***)**

29.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 28 of this complaint.

30.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

31. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

disabilities; and (4) to invoke the sweep of Congressional
authority, including the power to enforce the 14th Amendment and
to regulate commerce, in order to address the major areas of
discrimination faced day to day by people with disabilities.

32.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for

purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;

> 42  U.S.C. §12181(7)(A).

33. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

34. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be
> necessary for the provision of the goods, services, facilities,
> privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications

would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

35.   The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, making available damage remedies.

36. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Wingate Louisville East hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

37. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

accomplishable and able to be carried out without much difficulty or expense." The statute

defines relative "expense" in part in relation to the total financial resources of the entities

involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

plaintiff complains of herein were and are "readily achievable" by the Defendant under the

standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not

"readily achievable" for Defendant to remove each of such barriers, Defendant has failed to

make the required services available through alternative methods which were readily achievable.

38. On information and belief, construction work on, and modifications of, the

subject Wingate Louisville East hotel occurred after the compliance date for the Americans with

Disabilities Act, January 26, 1992, independently triggering access requirements under Title III

of the ADA. Upon information and belief, the subject Wingate Louisville East hotel was

constructed in or around the year 2006.

39. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et

seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil

Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on

the basis of disability in violation of this title or has reasonable grounds for believing that he

is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make

use of the public facilities complained of herein so long as the premises and Defendant's policies

bar full and equal use by persons with physical disabilities.

40. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

with a disability to engage in a futile gesture if such person has actual notice that a person or

organization covered by this title does not intend to comply with its provisions." Pursuant to this

last section, plaintiff has not returned to Defendant's premises since on or about August 18, 2025

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 19

through August 19, 2025, but alleges that Defendant has continued to violate the law and deny

the rights of plaintiff and of other persons with physical disabilities to access this public

accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . .

injunctive relief shall include an order to alter facilities to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by this title."

41. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

the Americans with Disabilities Act of 1990, including but not limited to an order granting

injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

deemed to be the prevailing party.

42. Plaintiff seeks damages pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*,

which provide, within the statutory scheme, that a violation of the ADA and/or Kentucky's

accessibility standards is a violation of Kentucky law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT, KRS 344, ET SEQ.**

43. Plaintiff repleads and incorporates by reference as if fully set forth again herein,

the allegations contained in paragraphs 1 through 42 of this complaint.

44. At all times relevant to this action, the Wingate Louisville East hotel and the business

therein, are "places of public accommodation" pursuant to KRS 344.130.

45. Defendant committed an unlawful act pursuant to KRS 344.120 by denying Plaintiff

his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or

privileges at its place of public accommodation because of a disability.

46. Plaintiff has desired and attempted to enjoy the goods and services at the Wingate

Louisville East hotel as a customer. He has been prevented from doing so do to the existing

architectural barriers at the property. As a result, he has been distressed and inconvenienced

thereby, and is entitled to monetary damages for his injuries, as provided for in KRS 344.450.

47. As a result of being denied full access to the property, Plaintiff has suffered, and will

continue to suffer, personal injury, emotional distress, humiliation, anxiety, anger, a loss of

enjoyment of life, and other consequential and incidental damages.

48. Pursuant to Kentucky law, plaintiff is entitled to compensatory and punitive damages,

and attorney fees and costs, in an amount to be determined at trial, but in any event not less than

$25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal

enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## III.   THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT

49. Plaintiff repleads and incorporates by reference as if fully set forth again herein,

the allegations contained in paragraphs 1 through 48 of this complaint.

50. By engaging in the course of conduct alleged herein, Defendant engaged in unfair, false,

misleading, and/or deceptive acts or practices in the conduct of trade and/or commerce.

51. Mr. Mortland is within the class of people the Kentucky legislature intended to protect

with the Kentucky Consumer Protection Act.

52. Defendant made false, unfair, deceptive, or misleading statements and acts to

Mr. Mortland, including, but not limited to the following:

28. Advertising on its website the Wingate Louisville East hotel had the following

accessible amenities:

a.   Accessible Business Center;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 21

b.  Accessible Car Self-Park;

c.  Accessible Fitness Center;

d.  Accessible Front Desk;

e.  Accessible Guest Room Doorways with 32" Clear Width;

f.  Accessible Public Entrance;

g.  Accessible Route to Accessible Guestrooms;

h.  Accessible Route to Accessible Parking;

i.  Accessible Route to Fitness Center;

j.  Accessible Route to Front Desk;

k.  Accessible Route to Meeting/Event Space;

l.  Accessible Van Self-Park;

m.  Accessible van parking;

n.  Meeting room/ballroom is wheelchair accessible;

o.  Route From Accessible Public Entrance to Business Center is Accessible;

p.  Route From Accessible Public Entrance to Venues Serving Food and Drink;

q.  Service Animals Welcome;

r.  Staff Trained in Service to Guests with Disabilities;

s.  Venues Serving Food and Drink Wheelchair Accessible;

t.  Wheelchair Accessible Elevators.

53. Said false, unfair, deceptive and misleading advertising induced Mr. Mortland, a person with a disability who uses a wheelchair, to stay at the Wingate Louisville East hotel.

54. As a result of the above acts and practices, Defendant has violated the Kentucky Consumer Protection Act, KRS 367.170, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 22

55. As a result of the foregoing deceptive acts and practices, Defendant has caused damages incurred by Mr. Mortland.

56. Mr. Mortland is entitled to consequential and punitive damages, pre-judgment interest and attorney fees under the Kentucky Consumer Protection Act, KRS 367.170, *et seq*.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Derek Mortland prays that this court grant relief and damages as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.    For injunctive relief, compelling Defendant to make Wingate Louisville East hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT KRS 344, *ET SEQ*.**

4.    For injunctive relief, compelling Defendant to make Wingate Louisville East, readily accessible to and usable by individuals with disabilities, per state law.

5.    General and compensatory damages according to proof;

6.    All damages for each day, from the inception of the filing of this complaint, on

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 23

which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

       7.     Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing party;

       8.     Punitive damages, pursuant to Kentucky law;

       9.     For all costs of suit;

       10.     Prejudgment interest pursuant to Kentucky law; and

       11.     Such other and further relief as the court may deem just and proper.

### III. PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT

       12.     For injunctive relief, compelling Defendant to remove all false, unfair, deceptive and misleading advertising from its website and other advertisements for the Wingate Louisville East hotel.

       13.     General and compensatory damages according to proof;

       14.     All damages for each day, from the inception of the filing of this complaint, on which Defendant continues to permit false, unfair, deceptive, and misleading advertising on its website.

       15.     Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing party;

       16.     Punitive damages, pursuant to Kentucky law;

       17.     For all costs of suit;

       18.     Prejudgment interest pursuant to Kentucky law; and

       19.     Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, OH 44319
Office: (330) 253-3337
Cell: (330) 603-7173
Fax: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Derek Mortland